UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN MILLER,                                    Case No. 23-10705
      Plaintiff,
      v.                                            Terrence G. Berg
                                          United States District Judge

MARTINA, *et al.*,
      Defendants.                                   Curtis Ivy, Jr.
_____/              United States Magistrate Judge

**REPORT AND RECOMMENDATION:**
**<u>RULE 41(b) DISMISSAL</u>**

Plaintiff Melvin Miller is proceeding without the assistance of counsel. This case was referred to the undersigned for all pretrial matters. (ECF No. 11). This matter is presently before the Court regarding Plaintiff's failure to prosecute this case.

On June 14, 2023, Defendants Freeman, Hernandez, and Trolla moved for summary judgment on the basis of exhaustion of administrative remedies. (ECF No. 17). Plaintiff was ordered to respond to the motion on or before August 2, 2023. (ECF No. 18). On August 21, 2023, having received no response from Plaintiff, the Court ordered Plaintiff to show cause why the motion for summary judgment should not be granted for his failure to respond to it. (ECF No. 19). Three weeks later Plaintiff filed a notice of change of address in which he stated that he did not know that the prison legal writer filed this lawsuit on his behalf.

(ECF No. 20).  The Court accepted the address change and gave him a new deadline by which to respond to the motion for summary judgment: October 20, 2023.  (ECF No. 22).  In that Order, the Court warned "**Failure to timely or adequately respond to the motion will result in sanctions including a report and recommendation to grant the motion for summary judgment and/or to dismiss this case for failure to prosecute under Federal Rule of Civil Procedure 41(b).**" (*Id.* at PageID.73).

On November 8, 2023, having received no response from Plaintiff, the undersigned issued an Order to Show Cause for Plaintiff's failure.  His response to that Order was due on or before November 30, 2023.  (ECF No. 25).  The Court warned that failure to timely or adequately respond would result in a report and recommendation that the case be dismissed under Rule 41(b) for failure to prosecute.

To date, Plaintiff has not responded to the motion for summary judgment or to the Court's Order to Show Cause.  Thus, for the reasons below, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and the pending motion for summary judgment (ECF No. 17) be **TERMINATED** as moot.

## I.    ANALYSIS AND CONCLUSIONS

Pursuant to Federal Rule of Civil Procedure 41(b), a federal court may sua sponte dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac*, *Oldsmobile*, *Buick*, *and GMC Trucks*, *Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Further, "a district court can dismiss an action for noncompliance with a local rule . . . if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

> sanctions were imposed or considered before dismissal
> was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  Here, on balance, these factors weigh in favor of dismissal.  As for the first factor, "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault."  *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. May 27, 2008).  In any event, "defendants cannot be expected to defend an action" that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case."  *Id*.  For these reasons, the first and second factors weigh in favor of dismissal.

Based on the warnings given to plaintiff, the third factor also weighs in favor of dismissal.  This court has regularly dismissed cases under Rule 41(b) after a plaintiff has been warned of dismissal, disregarded court orders without explanation, and where defendants expended resources on an abandoned action, and lesser sanctions would prove useless.  *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012); *Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *report and recommendation adopted*, 2013 WL 509964 (E.D. Mich. Feb. 12, 2013); *Williams v. Cty. of*

*Saginaw*, 2019 WL 5957234, (E.D. Mich. Oct. 21, 2019), *report and recommendation adopted*, 2019 WL 5896603 (E.D. Mich. Nov. 12, 2019).

Despite the Court's warning that the dispositive motion would be granted, and that his action may be dismissed, Plaintiff failed to respond to the motion for summary judgment. In an Order regarding the requirement to file a response, the Court explicitly warned that the case could be dismissed. Despite this clear warning, Plaintiff has provided no good reason why the undersigned should not recommend the complaint be dismissed. *See Labreck*, *2.

Finally, given Plaintiff's failure to respond to the motion for summary judgment, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, taken together, these factors support dismissal for failure to prosecute. It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). That said, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a sua sponte dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck* 2013 WL 511031, at *2.

For these reasons, the undersigned concludes Plaintiff has effectively abandoned his case by repeatedly failing to follow the Court's orders. Under these circumstances, dismissal with prejudice is appropriate.

## II.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and the pending motion (ECF No. 17) be **TERMINATED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date:  December 13, 2023.                    s/Curtis Ivy, Jr.
                                             Curtis Ivy, Jr.
                                             United States Magistrate Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of
record and any unrepresented parties via the Court's ECF System or by First Class
U.S. mail on December 13, 2023.


                                             s/Sara Krause
                                             Case Manager
                                             (810) 341-7850